UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | 1:15-CV-2677-LMM |
| APPROXIMATELY 8,671,456,050 | ) | |
| IN IRAQI DINAR, *et al.* | ) | |

**CLAIMANTS JAMES SHAW
AND CAROL LAURETTE SHAW'S
ANSWER TO PLAINTIFF'S
<u>AMENDED VERIFIED COMPLAINT</u>**

CLAIMANTS, JAMES SHAW AND CAROL LAURETTE SHAW answer Plaintiff United States of America's action against the Defendant Assets pursuant to Supplemental Rule for Asset Forfeiture Actions G(5), and Federal Rules of Civil Procedure 8 and 12, as follows:

<u>**FIRST DEFENSE**</u>

Plaintiff's Amended Verified Complaint fails to state a claim upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

Claimants are innocent owners of the assets that are the Defendants in this forfeiture action, in that they did not know of the conduct giving rise to the forfeiture; did not know and were reasonably without cause to believe that the

property was subject to forfeiture and were bona fide purchasers for value. 18 U.S.C. § 983(d).

## THIRD DEFENSE

Claimants asserts that some of the assets listed in the complaint were seized by the government in violation of the Fourth Amendment to the Constitution and that information upon which the government relies in pursuing this case was obtained in violation of the Fourth Amendment and the evidence should be suppressed and the property should be returned.

## FOURTH  DEFENSE

Claimants assert that the forfeiture of the assets in this case amounts to an Excessive Fine in violation of the Eighth Amendment of the United States Constitution and is disproportionate to any alleged criminal offense.  18 U.S.C. § 983(g)

## FIFTH DEFENSE

Answering the individually-numbered paragraphs of Plaintiff's Amended Verified Complaint, Claimants answer as follows:

1.

Claimants admit that Plaintiff seeks forfeiture of the listed financial accounts and currency.  Except as thus stated, Claimants deny the allegations in Paragraph 1

of the Amended Verified Complaint.

2.

Claimants deny the allegations in Paragraph 2 of the Amended Verified Complaint.

3.

Claimants deny the allegations in Paragraph 3 of the Amended Verified Complaint.

4.

Claimants admit the allegations in Paragraph 4 of the Amended Verified Complaint.

5.

Claimants admit Paragraph 5 of the Amended Verified Complaint to the extent the properties are located in the Northern District, a fact that is not known to the Claimants.

6.

Claimants deny the allegations in Paragraph 6 of the Amended Verified Complaint.

7.

Claimants are without knowledge or information sufficient to admit or deny that Sterling Currency Group, LLC ("Sterling") is one of the largest sellers of the

Iraqi dinar in the United States.   Except as thus stated, Claimants admit the allegations in Paragraph 7 of the Amended Verified Complaint.

8.

Claimants admit the allegations in Paragraph 8 of the Amended Verified Complaint.

9.

Claimants admit the allegations in Paragraph 9 of the Amended Verified Complaint.

10.

Claimants admit the allegations in Paragraph 10 of the Amended Verified Complaint.

11.

Claimants admit the allegations in Paragraph 11 of the Amended Verified Complaint.

12.

Claimants admit Carol Laurette Shaw is married to J. Shaw and that she played a role in Sterling's operations as recently as 2011.

13.

Claimants admit the allegations in Paragraph 13 of the Amended Verified Complaint.

14.

Claimants deny the allegation that C. Shaw has shared control of Sterling's operations since at least 2010.   Except as thus stated, Claimants admit the allegations in Paragraph 14 of the Amended Verified Complaint.

15.

Claimants deny the allegations in Paragraph 15 of the Amended Verified Complaint.

16.

Claimants state that the term "revaluation theory" has a different meaning to different people and has not been defined in the Amended Verified Complaint.  As a result, the allegations in Paragraph 16 of the Amended Verified Complaint are vague and Claimants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Verified Complaint.

17.

Claimants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Amended Verified Complaint.

18.

Claimants deny the allegations in Paragraph 18 of the Amended Verified

Complaint.

18(a).

Claimants admit that Paragraph 18(a) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email. Claimants deny all other allegations in Paragraph 18(a) of the Amended Verified Complaint.

18(b).

Claimants admit that Paragraph 18(b) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email. Claimants deny all other allegations in Paragraph 18(b) of the Amended Verified Complaint.

19.

Claimants deny the allegations in Paragraph 19 of the Amended Verified Complaint.

19(a).

Claimants admit that Paragraph 19(a) quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email. Claimants deny all other allegations in Paragraph 19(a) of the Amended Verified Complaint.

19(b).

6

Claimants admit that Paragraph 19(b) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email.  Claimants deny all other allegations in Paragraph 19(b) of the Amended Verified Complaint.

19(c).

Claimants admit that Paragraph 19(c) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email.  Claimants deny all other allegations in Paragraph 19(c) of the Amended Verified Complaint.

20.

Claimants deny the allegations in Paragraph 20 of the Amended Verified Complaint.

20(a).

Claimants admit Paragraph 20(a) of the Amended Verified Complaint quotes from an email on the date alleged.  Claimants deny all other allegations.

20(b).

Claimants admit Paragraph 20(b) of the Amended Verified Complaint quotes from an email on the date alleged.  Claimants deny all other allegations.

21.

Claimants admit Paragraph 21 of the Amended Verified Complaint quotes

from an email on the date alleged.  Claimants deny all other allegations.

22.

Claimants deny the allegations in Paragraph 22 of the Amended Verified Complaint.

23.

Claimants deny the allegations in Paragraph 23 of the Amended Verified Complaint.

24.

Claimants admit TerryK is a member of the GET Team and runs an internet chat room and weekly conference calls in which information about the Iraqi dinar is discussed.  Except as thus stated, Claimants are without knowledge or information sufficient to admit or deny Paragraph 24 of the Amended Verified Complaint.

25.

Claimants admit the allegations in Paragraph 25 of the Amended Verified Complaint.

26.

Claimants deny the allegations in Paragraph 26 of the Amended Verified Complaint.

27.

Claimants admit Sterling employees have spoken on GET Team conference calls.  Claimants deny all other allegations in Paragraph 27 of the Amended Verified Complaint.

28.

Claimants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Amended Verified Complaint; however, some of the quotes are not accurate recitations of what was said on these conference calls.

28(a).

Claimants deny the allegations in Paragraph 28(a) of the Amended Verified Complaint.

28(b).

Claimants admit the allegations in Paragraph 28(b) of the Amended Verified Complaint but deny that the use of the term "it" referred to an imminent revaluation of the Iraqi dinar.

28(c).

Claimants deny the allegations in Paragraph 28(c) of the Amended Verified Complaint.

29.

Claimants are without knowledge or information sufficient to admit or deny

the allegations in Paragraph 29 of the Amended Verified Complaint.

30.

Claimants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Amended Verified Complaint.

31.

Claimants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Amended Verified Complaint.

32.

Claimants admit on November 7, 2011 TerryK emailed Rhame and Bell. Claimants deny that Sterling sought to keep its relationship with TerryK "secret" and further deny all other allegations in Paragraph 32 of the Amended Verified Complaint.

32(a).

Claimants admit that Paragraph 32(a) of the Amended Verified Complaint quotes – in part – from an email on the date alleged.  Except as thus stated, Claimants deny the allegations in Paragraph 32(a) of the Amended Verified Complaint.

32(b).

Claimants admit that Paragraph 32(b) of the Amended Verified Complaint quotes – in part – from an email on the date alleged.  Except as thus stated,

Claimants deny the allegations in Paragraph 32(b) of the Amended Verified Complaint.

33.

Claimants are without knowledge or information sufficient to admit or deny Paragraph 33 of the Amended Verified Complaint.

33(a).

Claimants admit that Paragraph 33(a) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email. Claimants deny all other allegations in Paragraph 33(a) of the Amended Verified Complaint.

33(b).

Claimants admit that Paragraph 33(b) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email. Claimants deny all other allegations in Paragraph 33(b) of the Amended Verified Complaint.

33(c).

Claimants admit that Paragraph 33(c) of the Amended Verified Complaint quotes – in part – from an email on the date alleged but deny that this partial quotation accurately portrays the meaning and context of the email. Claimants deny all other allegations in Paragraph 33(c) of the Amended Verified Complaint.

34.

Claimants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Amended Verified Complaint.

35.

Claimants deny the allegations in Paragraph 35 of the Amended Verified Complaint.

36.

Claimants admit that, at the time of the filing of the Amended Verified Complaint, Sterling's current website informed customers that it was not an accredited financial consultant and that the value of the currency may go up or down.   Except as thus stated, Claimants deny Paragraph 36 of the Amended Verified Complaint.

37.

Claimants admit that Paragraph 37 quotes in part from an article that Claimants included on Sterling's website on December 27, 2010 but deny that the partial quotation accurately reflects the meaning and content of the article. Claimants further state that the article was removed from the website around January 2011.   Claimants deny all other allegations in Paragraph 37 of the Amended Verified Complaint.

38.

Claimants deny this allegation.  Claimants further contend it is unfair to compare an article from 2011 to a statement by someone else in 2015.

39.

Claimants deny the allegations in Paragraph 39 of the Amended Verified Complaint.

40.

Claimants admit that Paragraph 40 of the Amended Verified Complaint quotes in part from an article that Claimants included on Sterling's website on December 27, 2010 but deny that the partial quotation accurately reflects the meaning and content of the article.  Claimants further state that the article was removed from the website approximately March 2011.  Claimants deny all other allegations in Paragraph 40 of the Amended Verified Complaint.

40(a).

Claimants admit that Paragraph 40(a) of the Amended Verified Complaint contains part of the article quoted but deny that the partial quotation accurately reflects the meaning and content of the article.  Claimants further deny any implications this article illustrates false representations or promises on Sterling's website.

40(b).

Claimants admit Paragraph 40(b) of the Amended Verified Complaint

contains a partial quote of the article but deny that the partial quotation accurately reflects the meaning and content of the article.   Claimants further deny any implications this article illustrates false representations or promises on Sterling's website.

40(c).

Claimants admit Paragraph 40(c) of the Amended Verified Complaint contains a partial quote of the article but deny that the partial quotation accurately reflects the meaning and content of the article.   Claimants further deny any implications this article illustrates false representations or promises on Sterling's website.

41.

Claimants deny the allegations in Paragraph 41 of the Amended Verified Complaint.

42.

Claimants are without knowledge or information sufficient to admit or deny Paragraph 42 of the Amended Verified Complaint.

43.

Claimants admit the allegations in Paragraph 43 of the Amended Verified Complaint.

44.

Claimants admit the allegations in Paragraph 44 of the Amended Verified Complaint.

44(a).

Claimants admit the allegations in Paragraph 44(a) of the Amended Verified Complaint.

44(b).

Claimants admit the allegations in Paragraph 44(b) of the Amended Verified Complaint.

44(c).

Claimants admit the allegations in Paragraph 44(c) of the Amended Verified Complaint.

45.

Claimants deny the allegations in Paragraph 45 of the Amended Verified Complaint.

46.

Claimants deny the allegations in Paragraph 46 of the Amended Verified Complaint.

47.

Claimants admit the allegations in Paragraph 47 of the Amended Verified Complaint.

48.

Claimants are without knowledge or information sufficient to admit or deny Paragraph 48 of the Amended Verified Complaint regarding Rhame's control of Lullwater.   Claimants admit that they own Curtis Creek and Valley Trust. Claimants admit that Bell was the Chief Operating Officer of Sterling.

49.

Claimants admit the allegation in Paragraph 49 of the Amended Verified Complaint.

50.

Claimants admit that different bank accounts were used at various times to process orders from Sterling's customers.

51.

Claimants are without sufficient information to admit or deny the allegation of Paragraph 51.

52.

Claimants deny the allegations in Paragraph 52 of the Amended Verified Complaint.

53.

Claimants deny the allegations in Paragraph 53 of the Amended Verified Complaint.

54.

Claimants deny the allegations in Paragraph 54 of the Amended Verified Complaint.

55.

Claimants deny the allegations in Paragraph 55 of the Amended Verified Complaint.

56.

Claimants admit the allegations in Paragraph 56 of the Amended Verified Complaint.

57.

Claimants admit the allegations in Paragraph 57 of the Amended Verified Complaint.

58.

Claimants deny the allegations in Paragraph 58.


The Prayer for Relief set forth on page 36 of Plaintiff's Amended Verified Complaint is not an allegation and therefore no response is required.  Should a response be deemed required, Claimants deny that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief.

Respectfully submitted this 11th day of September, 2015.

RESPECTFULLY SUBMITTED,

**GARLAND, SAMUEL & LOEB, P.C.**

/s/ *Edward T.M. Garland*
EDWARD T.M. GARLAND
Georgia Bar No. 284900
Attorney for Claimant

/s/ *Donald F. Samuel*
DONALD F. SAMUEL
Georgia Bar No. 624475
Attorney for Claimant

/s/ *John A. Garland*
JOHN A. GARLAND
Georgia Bar No. 141226
Attorney for Claimant

3151 Maple Drive, N.E.
Atlanta, GA  30305
Phone: 404-262-2225
Fax:  404-365-5041
etg@gsllaw.com
dfs@gsllaw.com
jag@gsllaw.com

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I hereby certify that *Claimants' Answer to Plaintiff's Amended Verified Complaint and Affirmative Defenses* was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL
Georgia Bar No. 624475
Attorney for Claimant

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | 1:15-CV-2677-LMM |
| APPROXIMATELY 8,671,456,050 | ) | |
| IN IRAQI DINAR, *et al.* | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that *CLAIMANTS JAMES SHAW AND CAROL LAURETTE SHAW'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT* was electronically filed with the Clerk of Court using the CM/ECF system, which automatically notifies all counsel of record.

This, the 11th day of September, 2015.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL
Georgia Bar No. 624475
Attorney for Claimant